Marina **MERINO; Robin Weiss, as the guardian ad litem of Jessica Merino and Daniel Merino, minors, Plaintiffs–Appellants,**

v.

**ALLSTATE INDEMNITY CO., Defendant–Appellee.**

No. 05–16068.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed May 10, 2007.

Robert B. Stringer, Esq., Cyril & Crowley, San Francisco, CA, for Plaintiffs–Appellants.

David W. Burnett, Esq., Paul Joseph O'Rourke, Jr., Esq., McCormick Barstow Sheppart Wayte & Carruth LLP, Fresno, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Circuit Judge, TROTT and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

This is a diversity action in which the plaintiffs seek coverage under the underinsured motorist provision of a commercial automobile insurance policy issued by Defendant, Allstate Indemnity Company, to the company owned by Plaintiffs' decedent, Frank Merino. Merino was killed by an under-insured motorist while riding his personal bicycle, on personal business. Plaintiffs, Merino's heirs, recovered up to the policy limit under the uninsured motorist coverage of Merino's personal insurance policy. They now seek to recover an additional $400,000 under the insurance policy owned by Merino's business, Commercial Facility Services, d.b.a. CFS, Inc.

The policy in question here was denominated a commercial insurance policy and it specifically insured several named vehicles, owned by CFS. The district court granted summary judgment for Allstate, holding that the policy unambiguously insured only the company and employees of the company while driving company vehicles.

In this appeal, as they did before the district court, Plaintiffs contend that in describing the named insured under the policy as "you," the insurance company created the reasonable expectation that the purchaser of the policy, Merino, was insured in a personal capacity. Under California law, the reasonable expectations doctrine applies only if the policy is ambiguous or if a term is a limitation on coverage not brought to the insured's attention. *See State Farm Mut. Auto. Ins. Co. v. Khoe,* 884 F.2d 401, 406 (9th Cir.1989); *Young v. Metro. Life Ins. Co.,* 272 Cal. App.2d 453, 77 Cal.Rptr. 382, 387 (1969). The policy in this case is not ambiguous, and the term "you" is not a limitation on coverage. The "named insured" is defined in the policy's declarations to be the company. The policy was sent to the company in a letter addressed to the company, and there is nothing in the terms of the policy that would reasonably suggest that it insured Merino's personal activities.

Plaintiffs' final contention is that the policy is illusory because the underinsured motorist provision covers bodily injury and corporations cannot sustain bodily harm. This claim is also meritless, because the provision provides coverage to employees of CFS when they are driving company vehicles. *See Maryland Cas. Co. v. Reeder,* 221 Cal.App.3d 961, 270 Cal.Rptr. 719, 729 (1990) (a policy is illusory only if it provides no coverage whatsoever).

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.